## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

OWEN GRANT, individually, and on behalf
of all others similarly situated,

        Plaintiff,

v.

CEDARS BUSINESS SERVICES, LLC, a
California limited liability company

        Defendant.

_____/

CASE NO. 0:21cv60285

**CLASS ACTION**

## CLASS ACTION COMPLAINT

Class Plaintiff, OWEN GRANT (*hereinafter* "Plaintiff") individually, and on behalf of all those similarly situated, by and through his undersigned counsel, alleges violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*hereinafter* "FDCPA") and/or the Florida Statute §559.551, the Florida Consumer Collection Practices Act (*hereinafter* "FCCPA") against Defendant, CEDARS BUSINESS SERVICES, LLC. (*hereinafter* "Defendant CEDARS BUSINESS SERVICES").

## INTRODUCTION

1.    This is a class action on behalf of ordinary people. The purpose of this action and the underlying law is not to insinuate that consumers should not be held accountable for their debts, but rather, the purpose of this action is to hold Defendant accountable for its willful ignorance of the laws that place constraints on how Defendant may seek collect those debts.

2.    The FDCPA prohibits collectors of consumer debts from, among other things, using "unfair or unconscionable means" and "any false, deceptive, or misleading representation" in

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

connection with the collection of any debt."[1]

3.      Similarly, the FCCPA prohibits collectors of consumer debts from claiming, attempting, or threatening to enforce a debt when that person knows that debt is not legitimate or asserting the existence of some other legal right when such person knows that right does not exist.[2]

4.      Both the FDCPA and FCCPA prohibits collectors of consumer debts from communicating with debtors that they know are represented by an attorney with respect to such debt if they know or can readily ascertain their attorney's name and address.[3]

5.      This Class Action arises from Defendant's unlawful scheme to collect debts in violation of the FDCPA and FCCPA, which prohibits debt collectors from engaging in the abusive, unfair, and deceptive practices described *infra*.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff, OWEN GRANT ("Plaintiff") is a resident of Broward County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

7.      Plaintiff is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

8.      Defendant CEDARS BUSINESS SERVICES is a limited liability company with its principal place of business in Calabasas, California; Defendant CEDARS BUSINESS SERVICES business is the regular collection of debts using the mail and/or telephone, which it regularly does in Broward County, Florida.

9.      Defendant CEDARS BUSINESS SERVICES is a debt collector as defined by 15 U.S.C. §1692a(6).

---

[1] 15 U.S.C. § 1692e; 15 U.S.C. § 1692f.
[2] Fla. Stat. . § 559.72(9)
[3] 15 U.S.C. § 1692c(a)(2); Fla. Stat. . § 559.72(18)

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, 1367(a), 2201, 2202.

11.     Venue is proper in this District under 28 U.S.C. § 1391 because: (i) the conduct from which this cause of action arises occurred in this District; and (ii) Defendant transacts business in this District.

12.     At all times herein, the conduct of Defendant, complained of below, occurred in Broward County, Florida.

## GENERAL CLASS ALLEGATIONS

### I.     DEFENDANT COLLECTS FOREIGN DEBTS IN THE U.S.

1.     Defendant CEDARS BUSINESS SERVICES is a debt collector. Its primary business is collecting debts on behalf of third-parties. Indeed, on its webpage, defendant touts its mission to be "the leading international debt collection agency by providing local debt collection representation around the globe".[4]

2.     As noted on its webpage, Defendant CEDARS BUSINESS SERVICES is a licensed third-party collection agency.  Furthermore, CEDARS BUSINESS SERVICES  states they are not a debt buyer and in most cases they have been contracted to assist in collecting debt by the original creditors.  Along those lines, Defendant CEDARS BUSINESS SERVICES is assigned debts incurred in one country, in this case Jamaica, and attempts to collect it in another country, in this case, the United States.

### II.     DEFENDANT ILLEGALLY  CONVERTS FOREIGN CURRENCY TO US CURRENCY UNILATERALLY DECIDING CONVERSION DATES TO MAXIMIZE PROFITS AND INFLATE PAYMENT AMOUNTS

---

[4] https://cblsvc.com/about

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

3.      Unfortunately for consumers, however, Defendant **CEDARS BUSINESS SERVICES** has a pattern and practice of arbitrarily converting Jamaican consumer debts, which are incurred and owed in Jamaican Dollars ("JA$"), to United States Dollars ("USD"), without basis or justification in law or contract.

4.      Though the underlying debt creating instrument dictates that payment be in JA$, Defendant unilaterally decides to disregard those provisions and convert the debt to USD.

5.      Defendant also unilaterally selects the conversion rate, often inflating the amount owed and, because the conversion rate changes daily, always yielding an improper, unjustified, random debt.

6.      Defendant then sends out deceptive, misleading, and unfair form debt collection letters, failing to inform the consumer that the debt currency of their alleged debt has been unilaterally and arbitrarily converted, leaving consumers in the dark as to the actual amount owed and the currency in which it is to be paid.

7.      Because Defendant conceals the fact that the debt was converted, Defendant similarly conceals the conversion date, conversion rate, and basis for conversion.

8.      Indeed, the Jamaican currency symbol, **"$"** is identical to the United States currency symbol **"$."** Defendant sends form debt collection letters attempting to collect Jamaican debts incurred in Jamaica, in JA$, in the following format $XXX.xx. A reasonable consumer, let alone the least sophisticated consumer, would understand this to mean that the debt, incurred in Jamaica, is to be paid in JA$.

9.      However, unbeknownst to Plaintiff and the consumer class, Defendant had, on an arbitrary date, based on arbitrary justification, decided to convert the debt to USD.

10.     Defendant's form debt collection letter, however,  fails to inform consumers, 1) that

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

the debt was converted and is now in USD and not JA$ (both represented by "$"), 2) the amount of the original debt in its native currency, 3) the basis or justification for the conversion, and 4.) the date the debt was converted from JA$ to USD.

11.     Consumers, like Plaintiff are left in the dark as to the exchange rate arbitrarily applied to their debt.

12.     Importantly, the debt creating instrument provides for payment in JA$, not USD, and it does not provide for a conversion of currency, let alone a date upon which this may be done.

13.     Why is this important? Because Defendant CEDARS BUSINESS SERVICES decides to convert the debt from JA$ to USD *when it wants to.* Often times causing consumers like Plaintiff to pay more than is actually owed.

14.      In addition, CEDARS BUSINESS SERVICES, without notifying the consumer that should they accept one of the offered settlement options it will restart the statute of limitations and substantially affect the consumer's rights.   In fact, Defendant CEDARS BUSINESS SERVICES's collection letters falsely state that the payment options will not affect the consumer's rights.

15.     Therefore, Plaintiff brings this suit on behalf of herself and all similarly situated persons who received correspondence from Defendant CEDARS BUSINESS SERVICES, which attempted to collect a debt and seeks statutory damages, compensatory damages, attorneys' fees and costs, and all other such other and further relief that this court deems just and proper.

## INDIVIDUAL ALLEGATIONS

16.     On or about September 24, 2012, Plaintiff procured financing from National Commercial Bank Jamaica Limited for a used 2013 Suzuki Swift Sport, VIN JSAFZC32S00100476 in the amount of JA$2,884,614.10. (*See* **"EXHIBIT A"**, a true and correct

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

copy of National Commercial Bank Jamaica Limited's September 24, 2012 contract with Plaintiff).

17.    Thereafter, Plaintiff defaulted on the auto loan and National Commercial Bank Jamaica Limited repossessed the car.

18.    On April 13, 2015, in an effort to collect on the loan deficiency, National Commercial Bank Jamaica Limited sold the vehicle for JA$900,000.

19.    On August 7, 2015, National Commercial Bank Jamaica Limited sent Plaintiff a letter advising him of the sale of the vehicle and advised him that there was a deficiency of JA$1,562,999.41 remaining after the sale of the vehicle. (*See* **"EXHIBIT B"**, a true and correct copy of National Commercial Bank Jamaica Limited's letter to Plaintiff dated August 7, 2015).

20.    On October 9, 2018, Defendant CEDARS BUSINESS SERVICES sent Plaintiff a collection letter on behalf of National Commercial Bank Jamaica Limited, claiming Plaintiff owed $18,734.57 in principal and $2,586.91 in interest for a total amount owed of $21,321.48. The letter did not specify whether the currency was USD or JMD, as both currencies used the "$" symbol. (*See* **"EXHIBIT C"**, a true and correct copy of Defendant CEDARS BUSINESS SERVICES's letter to Plaintiff dated October 9, 2018).

21.    The letter stated, in part:

"This may be our **last notice to you prior to suit** being authorized by the creditor."
*[emphasis in original]*

22.    Unbeknownst to Plaintiff, Defendant unilaterally decided to convert Plaintiff's debt from JA$ to USD on May 23, 2017.

23.    On May 23, 2017, Plaintiff's debt was approximately JA$2,448,963.23.

24.    On May 23, 2017 Defendant converted Plaintiff's debt to USD through its own

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

arbitrary conversion rate of 0.00765 USD to 1 JA$ yielding a principal amount of $18,734.57.

25.     Today, JA$ is valued at approximately 0.00681455 USD[5], meaning this same principal amount would convert to $16,688.57, a difference of $2,046.00.

26.     On November 12, 2018 Plaintiff sent Defendant a debt verification letter requesting information and proof of the debt being collected upon. The letter further advised Defendant that Plaintiff had retained the services of Light and Gonzalez PLLC. The letter directed Defendant to direct all further communications regarding the subject debt to Plaintiff's counsel, Light and Gonzalez PLLC. (*See* **"EXHIBIT D"**, a true and correct copy of Plaintiff's letter to Defendant **CEDARS BUSINESS SERVICES** dated November 12, 2018).

27.     Despite Plaintiff's letter, Defendant responded directly to Plaintiff in an email sent to him on November 28, 2020. In their letter, Defendant attached an account statement indicating the current balance of the debt was "-2,540,134.00", with no currency symbol or reference. (*See* **"EXHIBIT D"**, a true and correct copy of Plaintiff's letter to Defendant **CEDARS BUSINESS SERVICES** dated November 12, 2018).

28.     Thereafter, and despite Plaintiff's letter advising Defendant that he was represented by counsel, Defendant contacted Plaintiff twenty-six (26) times via email demanding payment for the debt. (*See* ***COMPOSITE* "EXHIBIT E"** true and correct copies of Defendants emails to Plaintiff starting December 5, 2018 through January 9, 2020).

29.     On January 9, 2020 Plaintiff sent Defendant another debt verification letter again requesting information and proof of the debt being collected upon. Again, the letter further advised Defendant that Plaintiff had retained the services of Light and Gonzalez PLLC. The letter directed

---

[5] According to xe.com, as of February 3, 2021.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Defendant to direct all further communications regarding the subject debt to Plaintiff's counsel, Light and Gonzalez PLLC. (*See* **"EXHIBIT F"**, a true and correct copy of Plaintiff's letter to Defendant CEDARS BUSINESS SERVICES dated January 9, 2020).

30.     Thereafter, and despite Plaintiff's letter advising Defendant that he was represented by counsel, Defendant again contacted Plaintiff five (5) additional times via email demanding payment for the debt. (*See COMPOSITE* **"EXHIBIT G"** true and correct copies of Defendants emails to Plaintiff starting January 14, 2020 through February 4, 2020).

31.     On or about January 20, 2020 Plaintiff reminted payment to Defendant in the amount of JA$23,687.68, reflecting the amount being collected by Defendant in JA$, the currency in which the debt was originated. (*See COMPOSITE* **"EXHIBIT H"** true and correct copies of Plaintiff's check payment to Defendant dated January 20, 2020).

32.     However, the Defendant's accounting department advised the Plaintiff that they were not able to process a payment in JA$ currency, even though the currency of the debt is JA$.

## CLASS ACTION ALLEGATIONS

33.     As such, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes of similarly situated individuals defined as follows:

> **FDCPA CLASS: All consumers in the United States to whom Defendant mailed one or more Letters in the same or similar form to the Letter sent to Plaintiff, attempting to collect a personal, family, or household debt, within one year of the filing of this action.**

> **FCCPA CLASS: All consumers in the Florida to whom Defendant mailed one or more Letters in the same or similar form to the Letter sent to Plaintiff, attempting to collect a**

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

personal, family, or household debt, within one year of the filing
of this action.

34.     **Class Exclusions:** The following people are excluded from the Classes: 1) any
Judge or Magistrate presiding over this action and members of their families; 2) Defendant,
Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant
or its parents have a controlling interest and its current or former employees, officers and directors;
3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the
legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel
and Defendant's counsel.

35.     **Numerosity**: The exact number of the Class members is unknown and not available
to Plaintiff at this time, but it is clear that individual joinder is impracticable. Based on information
and understanding, Defendant has sent collection Letters to thousands of consumers who fall into
the definition of the Class. Members of the Classes can be identified, and Class membership
ascertained, objectively through Defendant's records.

36.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the
Classes in that, Plaintiff and the members of the Classes sustained damages arising out of
Defendant's uniform wrongful conduct and improper collection Letters.

37.     **Adequacy Representation:** Plaintiff will fairly and adequately represent and
protect the interests of the Classes, and has retained counsel competent and experienced in complex
class actions. Plaintiff has no interest antagonistic to those of the Classes, and
Defendant has no defenses unique to Plaintiff.

38.     **Commonality and Predominance:** There are numerous questions of law and fact
common to the claims of Plaintiff and the Classes, and those questions go to the heart of the case

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant CEDARS BUSINESS SERVICES is a "debt collector" under 15 U.S.C.§ 1692a(6);

(b) whether the Notice that Defendant CEDARS BUSINESS SERVICES sent to the Plaintiff and the Class is a "communication" under 15 U.S.C. § 1692a(2);

(c) whether Defendant CEDARS BUSINESS SERVICES failed to comply with 15 U.S.C. 1692e;

(d) whether Defendant CEDARS BUSINESS SERVICES failed to comply with 15 U.S.C. 1692f; and

(e) whether Defendant CEDAR FINANCIAL's Notice violates FDCPA.

39.    **Superiority & Manageability**: This case is also appropriate for Class certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a Class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a Class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. 1692e

Plaintiff reaffirms and realleges the allegations in paragraphs 1 through 39 as if set forth herein in full.

40.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

41.     Plaintiff and the Class are "consumers" as defined by § 15 U.S.C. §1692a(3).

42.     The February 4, 2020 communication contained within Composite Exhibit G that Defendant sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

43.     In the February 4, 2020 communication Defendant CEDARS BUSINESS SERVICES informs Plaintiff that because of the age of the debt the original creditor will not sue him.

44.     The February 4, 2020 communication also solicits a payment from Plaintiff, but neglects to inform him that making a payment would restart the statute of limitations thereby allowing Defendant or the original credit to sue Plaintiff for the debt.

45.     Defendant CEDARS BUSINESS SERVICES knew that Plaintiff's acceptance of one of their settlement options would restart the statute of limitations thereby allowing Defendant CEDARS BUSINESS SERVICES or other to sue Plaintiff for his debt.

46.     Defendant CEDARS BUSINESS SERVICES' actions were overtly deceptive and misleading.

47.     Defendant intentionally, knowingly and repeatedly violated the FDCPA.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

48.     Defendant has deprived Plaintiff and the Class from the statutory right to receive accurate information concerning the alleged debt.

49.     As a result of its violations of the FDCPA, Defendant CEDARS BUSINESS SERVICES is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff seeks, individually and on behalf of the Class:

(a) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(b) declaratory judgment stating that Defendant's conduct violates the FDCPA;

(c) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(d) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(e) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) such other relief the Court deems just and proper.

## COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692e(2)

Plaintiff reaffirms and realleges the allegations in paragraphs 1 through 39 as if set forth herein in full.

50.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

51.     Plaintiff and the Class are "consumers" as defined by § 15 U.S.C. §1692a(3).

52.     The communication that Defendant sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

53.     Plaintiff's underlying debt creating instrument does not allow for the conversion of

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

debt into USD or any other denomination.

54. In its February 4, 2020 communication to Plaintiff, Defendant CEDARS BUSINESS SERVICES claimed that Plaintiff owed $23,785.20 which included $18,734.57 in principal and $5,050.63 in interest charges.

55. Defendant CEDARS BUSINESS SERVICES sought to collect these amounts from Plaintiff in USD rather than JA$ as per the original agreement.

56. Defendant CEDARS BUSINESS SERVICES did not represent to Plaintiff that it was seeking payment in USD rather than JA$ as per the original agreement.

57. Defendant CEDARS BUSINESS SERVICES did not communicate to Plaintiff how it converted these amounts from JA$ to USD or provide any explanation to Plaintiff of how it arrived at this amount.

58. On February 4, 2020, Plaintiff did not owe $23,785.20 USD pursuant to the terms of instrument creating the underlying consumer debt.

59. Rather CEDARS BUSINESS SERVICES converted the amount Plaintiff actually owed from JA$ to USD when it acquired the right to collect on the debt and never adjusted this calculation to account for constant fluctuations in the exchange rate between JA$ and USD.

60. Defendant CEDARS BUSINESS SERVICES' actions were overtly deceptive and misleading.

61. Defendant CEDARS BUSINESS SERVICES misrepresented the character, amount and legal status of the debt they sought to collect.

62. Defendant intentionally, knowingly and repeatedly violated the FDCPA.

63. Defendant has deprived Plaintiff and the Class from the statutory right to receive accurate information concerning the alleged debt.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

64.     As a result of its violations of the FDCPA, Defendant CEDARS BUSINESS SERVICES is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff seeks, individually and on behalf of the Class:

(g) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(h) declaratory judgment stating that Defendant's conduct violates the FDCPA;

(i) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(j) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(k) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(l) such other relief the Court deems just and proper.

## COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692f

Plaintiff reaffirms and realleges the allegations in paragraphs 1 through 39 as if set forth herein in full.

65.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

66.     Plaintiff and the Class are "consumers" as defined by § 15 U.S.C. §1692a(3).

67.     The communications that Defendant sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

68.     In a January 16, 2020 communication to Plaintiff, Defendant CEDARS BUSINESS SERVICES claimed that Plaintiff owed $23,687.68 which included $18,734.57 in principal and

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

$4,953.11 in interest charges.

69.     Plaintiff's underlying debt creating instrument does not allow for the conversion of debt into USD or any other denomination.

70.     On January 21, 2020 Plaintiff sent payment of $JA 23,687.68 in certified funds, drawn upon his Jamaican bank account to Defendant.

71.     On February 21, 2020 Defendant CEDARS BUSINESS SERVICES confirmed it received the check from Plaintiff, but advised that the payment did not satisfy the account in full because the $JA 23,687.68 in certified funds only amounted to $166.00 in USD.

72.     Defendant CEDARS BUSINESS SERVICES' actions were overtly deceptive and misleading.

73.     Defendant CEDARS BUSINESS SERVICES' refusal to accept Plaintiff's payment in the full amount it had demanded is an unfair and unconscionable means of collecting or attempting to collect a debt.

74.     Defendant intentionally, knowingly and repeatedly violated the FDCPA.

75.     Defendant has deprived Plaintiff and the Class from the statutory right to be free from unfair and unconscionable means to collect or attempt to collect any debt.

76.     As a result of its violations of the FDCPA, Defendant CEDARS BUSINESS SERVICES is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff seeks, individually and on behalf of the Class:

(m) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(n) declaratory judgment stating that Defendant's conduct violates the FDCPA;

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

(o) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(p) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(q) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(r) such other relief the Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Fla. Stat. 559.72(9)**

Plaintiff incorporates by reference paragraphs 1–39 of this Complaint as though fully stated herein.

77.     Defendant CEDARS BUSINESS SERVICES, violated Fla. Stat. §559.72(9) by attempting to collect a debt they knew was not legitimate and/or by asserting a legal right they knew to be illegitimate and/or otherwise unlawful.

78.     Plaintiff's underlying debt creating instrument does not allow for the conversion of debt into USD or any other denomination.

79.     Defendant CEDARS BUSINESS SERVICES was provided with a copy of the underlying debt creating instrument and knew that it did not allow for the conversion of debt into USD or any other denomination.

80.     Despite this fact, Defendant CEDARS BUSINESS SERVICES converted Plaintiff's debt from $JA to USD when it received the right to collect on this account and began its collection efforts.

81.     Throughout 2019 and 2020 CEDARS BUSINESS SERVICES attempted to collect the debt in USD from Plaintiff.

82.     None of Defendant CEDARS BUSINESS SERVICES' communications to

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Plaintiff indicated it was seeking to collect from him in USD.

83.    Likewise, none of Defendant CEDARS BUSINESS SERVICES' communications to Plaintiff demonstrated how it had unilaterally converted Plaintiff's $JA debt into USD or when that conversion occurred.

84.    None of Defendant CEDARS BUSINESS SERVICES' communications to Plaintiff offered to allow Plaintiff to pay the debt in $JA rather than USD.

85.    Defendant CEDARS BUSINESS SERVICES knew it was seeking to collect amounts from Plaintiff in USD that did not represent the equivalent debt in $JA at the time of those communications.

86.    As a result of its violations of the FCCPA, Defendant CEDARS BUSINESS SERVICES is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff seeks, individually and on behalf of the Class:

(s) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(t) declaratory judgment stating that Defendant's conduct violates the FCCPA;

(u) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(v) statutory damages pursuant to Fla. Stat. §559.77(2);

(w) costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(x) such other relief the Court deems just and proper.


## CLASSWIDE PRAYER FOR RELIEF

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for Judgment:

(a) directing Defendant to cease its violations of the FDCPA;

(b) directing Defendant to cease its violations of the FCCPA;

(c) awarding Plaintiff and the Class statutory damages as requested above;

(d) awarding Plaintiff and the Class actual damages as requested above;

(e) awarding Plaintiff and Class attorneys' fees, costs and expenses incurred in this action;

(f) a preliminary and permanent injunction enjoining Defendant from future violations of the FDCPA and the FCCPA; and

(g) such other relief this Court deems just and proper.

## PLAINTIFF'S INDIVIDUAL CLAIMS

### COUNT V
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. 559.72(18)

Plaintiffs incorporates by reference paragraphs 1–32 of this Complaint as though fully stated herein.

87. Defendant CEDARS BUSINESS SERVICES violated Fla. Stat. §559.72(18) by communicating with a debtor when they knew that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. .

88. On November 12, 2018, Plaintiff emailed Defendant CEDARS BUSINESS SERVICES a letter informing Defendant CEDARS BUSINESS SERVICES that Plaintiff had retained counsel to represent him with respect to the debt Defendant CEDARS BUSINESS SERVICES was seeking to collect.

89. On November 28, 2018 Defendant CEDARS BUSINESS SERVICES responded

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to Plaintiff directly rather than to Plaintiff's attorney.

90.     Despite receiving the November 12, 2018 letter from Plaintiff, Defendant CEDARS BUSINESS SERVICES continued to direct its communications directly to Plaintiff.

91.     On January 9, 2020, Plaintiff emailed Defendant CEDARS BUSINESS SERVICES another letter informing Defendant CEDARS BUSINESS SERVICES that Plaintiff had retained counsel to represent him with respect to the debt Defendant CEDARS BUSINESS SERVICES was seeking to collect.

92.     Despite receiving the January 9, 2020, letter from Plaintiff, Defendant CEDARS BUSINESS SERVICES continued to direct its communications directly to Plaintiff.

93.     From November 28, 2018 until February 4, 2020 Defendant CEDARS BUSINESS SERVICES sent at least 31 communications with respect to this debt directly to Plaintiff rather than his attorneys, with the most recent communication occurring on February 4, 2020.

94.     As a result of Defendant CEDARS BUSINESS SERVICES's foregoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

**WHEREFORE,** Plaintiff seeks, individually:

(a) declaratory judgment stating that Defendant's conduct violates the FCCPA;

(b) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(c) statutory damages pursuant to Fla. Stat. §559.77(2);

(d) costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(e) such other relief the Court deems just and proper.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## COUNT VIII
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692c(a)(2)

Plaintiffs incorporates by reference paragraphs 1–32 of this Complaint as though fully stated herein.

95.     Defendant CEDARS BUSINESS SERVICES violated 15 U.S.C. 1692c(a)(2) by communicating with a debtor when they knew that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

96.     On November 12, 2018, Plaintiff emailed Defendant CEDARS BUSINESS SERVICES a letter informing Defendant CEDARS BUSINESS SERVICES that Plaintiff had retained counsel to represent him with respect to the debt Defendant CEDARS BUSINESS SERVICES was seeking to collect.

97.     On November 28, 2018 Defendant CEDARS BUSINESS SERVICES responded to Plaintiff directly rather than to Plaintiff's attorney.

98.     Despite receiving the November 12, 2018 letter from Plaintiff, Defendant CEDARS BUSINESS SERVICES continued to direct its communications directly to Plaintiff.

99.     On January 9, 2020, Plaintiff emailed Defendant CEDARS BUSINESS SERVICES another letter informing Defendant CEDARS BUSINESS SERVICES that Plaintiff had retained counsel to represent him with respect to the debt Defendant CEDARS BUSINESS SERVICES was seeking to collect.

100.     Despite receiving the January 9, 2020, letter from Plaintiff, Defendant CEDARS BUSINESS SERVICES continued to direct its communications directly to Plaintiff.

101.     From November 28, 2018 until February 4, 2020 Defendant CEDARS BUSINESS

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

SERVICES sent at least 31 communications with respect to this debt directly to Plaintiff rather than his attorneys, with the most recent communication occurring on February 4, 2020.

102.    As a result of Defendant CEDARS BUSINESS SERVICES's foregoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff seeks, individually:

(a) declaratory judgment stating that Defendant's conduct violates the FDCPA;

(b) declaratory and injunctive relief preventing Defendant from communicating with consumers who they know are represented in the future;

(c) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) such other relief the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 3<u>rd</u> day of February, 2021.

Respectfully Submitted,

/s/  Gregory Light
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
**ANTHONY GONZALEZ, ESQ.**
Florida Bar No.: 119756
LIGHT & GONZALEZ, PLLC
8751 W. Broward Blvd., #209
Plantation, FL 33324
Telephone:    754-900-6545
Email: service@lightgonzalezlaw.com

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com